IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

ERIC M. HASSELL,                  *

    Plaintiff                 *

vs.                               *
                                         CASE NO. 3:06-CV-63 (CDL)
CHRIS LEWIS and BRAD WILLIAMS,    *

    Defendants                *

## O R D E R

Defendants Lewis and Williams have filed motions for summary judgment. For the following reasons, both motions (Docs. 12 and 13) are granted.

Plaintiff has not responded to Defendant Lewis's Requests for Admissions. Therefore, those requests are deemed admitted. Fed. R. Civ. P. 36. Based upon those admissions and the uncontroverted facts established in Defendants' uncontested affidavits filed in support of their motions for summary judgment, the following facts are undisputed.

### FACTS

Plaintiff removed merchandise from the Wal-Mart store where Defendant Lewis was employed as a loss prevention officer. When Plaintiff left the store with the stolen merchandise, Lewis requested that he stop. Plaintiff ignored this request and ran from the property. Lewis, using reasonable and necessary force, stopped Plaintiff and detained him until a law enforcement officer could

arrive. Lewis's use of force was not excessive. Furthermore, he did not assault Plaintiff nor did he cause Plaintiff to suffer emotional distress. Moreover, he had probable cause to believe that Plaintiff had committed the crime of shoplifting. Lewis's actions did not amount to false imprisonment or false arrest.

Defendant Williams is a deputy with the Oconee County Sheriff's Office. He was summonsed to the Wal-Mart Store to assist regarding the shoplifting offense committed by Plaintiff. Upon arriving at the store, he was informed of the circumstances surrounding Plaintiff's detention and was asked to take Plaintiff into custody based upon Defendant Lewis's citizen's arrest of Plaintiff. Defendant Williams did not advise or encourage anyone that Plaintiff should be arrested. However, based upon the information he obtained, he did conclude that there was probable cause for an arrest based upon Plaintiff's alleged shoplifting.

Plaintiff subsequently pled guilty to misdemeanor shoplifting arising from the incident that forms the basis of his Complaint. Nevertheless, he has sued Defendants for false arrest and false imprisonment. Defendants have moved for summary judgment.

## DISCUSSION

Summary judgment is appropriate when the undisputed facts establish that Plaintiff is not entitled to recover as a matter of law. Fed. R. Civ. P. 56. Based upon Plaintiff's admissions and the uncontroverted affidavits filed by Defendants, it is clear that probable cause existed for the detention and arrest of Plaintiff. It

is likewise clear that Defendants' conduct did not violate any of Plaintiff's constitutional or legal rights.  Based upon the present record, the Court finds that Plaintiff's claims are in fact frivolous.  Accordingly, Defendant Lewis's Motion for Summary Judgment (Doc. 12) is granted.  Furthermore, Defendant Williams is entitled to qualified immunity, and his Motion for Summary Judgment (Doc. 13) is likewise granted.

IT IS SO ORDERED, this 28th day of March, 2007.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE